# ZISHOLTZ & ZISHOLTZ, LLP
*Attorneys at Law*

170 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501
(516) 741-2200
FAX (516) 746-1024
WWW.ZISHOLTZLAW.COM

ONE PENN PLAZA
NEW YORK, NEW YORK 10119

PLEASE ADDRESS ALL CORRESPONDENCE
TO MINEOLA, NEW YORK

**VIA ECF**

September 12, 2018

Hon. Joseph F. Bianco
Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: Maidenbaum v. Fischman, et al.,
Case No.: 18-CV-2911

Dear Judge Bianco:

We are counsel for the plaintiff in the above entitled action. This letter is submitted in response to Defendants' letter requesting a pre-motion conference.

The Plaintiff instituted this action alleging five causes of action for RICO claims for violations of 18 U.S.C. 1962 (b), (c), (d), against all defendants, and ancillary claim for legal malpractice and breach of fiduciary duty against defendants, Lawrence Katz, The Law office of Lawrence Katz, P.C. and The Law Office of Lawrence Katz, Esq. PLLC (collectively referred as "Katz Defendants").

On or about August 27, 2018, the defendants requested to submit a motion for a more definite statement under FRCP Rule 12 (e) alleging plaintiff's complaint is so vague and ambiguous.

FRCP Rule 12 (e) allows a party to move for a more definite statement when a pleading is so vague or ambiguous that the party cannot reasonably prepare a response. The Rule is designed to remedy unintelligible pleadings, not to correct for lack of detail. Motions under Rule 12(e) are disfavored because of their dilatory nature. The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings. However, Rule 12(e) can be an appropriate vehicle to pare down "shotgun" pleadings as long as its exercise is cast in the mold of strictest necessity. *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 51781 (S.D.N.Y.)

The 17 page, 86 paragraph complaint complies with Rule 8(a). The complaint provides all detailed allegations setting forth how and when the defendants committed RICO violations. The defendants are in no way prejudiced by any lack of specificity. The plaintiff is not required to identify the exact time, place, or other circumstances such as the checks in excess of $3 million or the wrongful and illegal acts because the defendants are in the best position to identify the exact time and place occurred to cause injuries to the plaintiff.

In light of the foregoing, the defendants' request should be denied in its entirety.

Respectfully submitted,
ZISHOLTZ & ZISHOLTZ, LLP

By: _____/s/_____
Meng Cheng (MC-5383)

cc: Levi Hurbner & Associates, P.C. (*via ECF*)