ZISHOLTZ & ZISHOLTZ, LLP
Attorneys at Law

170 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501
(516) 741-2200
FAX (516) 746-1024
WWW.ZISHOLTZLAW.COM

ONE PENN PLAZA
NEW YORK, NEW YORK 10119

PLEASE ADDRESS ALL CORRESPONDENCE
TO MINEOLA, NEW YORK

October 29, 2018

**VIA ECF**
Honorable Joseph F. Bianco, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      RE: *Shalom S. Maidenbaum v. Aaron Fischman, et.al.*
        <u>Docket No. 18-CV-02911</u>

Honorable Sir:

  The undersigned represents Plaintiff in the referenced action. On September 12, 2018 the Court conducted a telephone conference with respect to Defendants' counsel's request for a pre-motion conference for an order directing Plaintiff to interpose a complaint with a more definite statement pursuant to FRCP Rule 12(e). (Document 16).

  By minute entry the Court set forth a schedule in which Defendant's motion was to be filed no later than October 18, 2018; opposition to be filed no later than November 28, 2018; reply to be filed no later than December 14, 2018; and oral argument to be conducted on January 16, 2019 at 4:30 p.m. (Document 18).

  Defendants' counsel Levi Huebner mentioned no other requested relief in his correspondence to the Court, nor did he mention any other requested relief at the telephone conference.

  Yet, by notice of motion dated October 19, 2018 (Document 19), superseded by an amended notice of motion and additional filings made on October 22, 2018 (Document 20), Mr. Huebner filed a motion not only for a more definite statement pursuant to FRCP Rule 12(e), but also a motion to dismiss the complaint pursuant to FRCP Rule 12(b)(6). In our view Mr. Huebner's motion violates Rule III(A) of the motion rules of the Court, which require a pre-motion conference before making any motion pursuant to FRCP 12.

  To add to Mr. Huebner's impropriety, our office received a notice of motion returnable November 15, 2018 seeking, *inter alia*, an order pursuant to 28 U.S.C. § 1927 [Counsel's liability for excessive costs] and sanctions pursuant to FRCP Rule 11. (A copy of the notice of motion is annexed hereto).

The sanctions motion is problematic for several reasons. Mr. Huebner stated in his August 27, 2018 letter to the Court that the "Complaint is so vague and ambiguous that the Defendants cannot reasonable (sic) prepare a response to the Complaint." Is that statement no longer true? Clearly, if Mr. Huebner is able to file a motion for sanctions under Rule 11 he must understand and comprehend the allegations in the complaint. Otherwise, his Rule 11 motion is frivolous due to the lack of support. Either way, one of the motions is moot and should be withdrawn.

Moreover, in order to address Mr. Huebner's sanctions motion, Plaintiff will be required to accelerate his response to Defendants' motion pursuant to FRCP Rule 12(e), and their improper motion pursuant to FRCP Rule 12(b)(6). Mr. Huebner's conduct is nothing short of nefarious and despicable.

In light of Defendants' extant motions and the flagrant refusal to abide by the Court rules, plaintiff is requesting an order of the Court disregarding any motion for sanctions under Rule 11. In the alternative, the motion under Rule 11 should be held in abeyance until the FRCP Rule 12 motions are heard and decided. Plaintiff is also requesting that this Court disregard that portion of Defendants' motion pursuant to FRCP Rule 12(b)(6) for which no pre-motion conference was sought.

We thank the Court for its immediate attention to this correspondence.

Respectfully submitted,

Zisholtz & Zisholtz, LLP

  /s/ Stuart S. Zisholtz  
Stuart S. Zisholtz, Esq. (7533)

cc: Levi Hurbner & Associates, P.C. (*via ECF*)