Stuart Zisholtz, Esq.
ZISHOLTZ & ZISHOLTZ, LLP
200 Garden City Plaza, Suite 408
Garden City, New York 11530
Tel: 516-741-2200
Fax: 516-746-1024
stu@zzllp.com
*Attorneys for Shalom S. Maidenbaum*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
SHALOM S. MAIDENBAUM

                Plaintiff,

        -against-

AARON FISCHMAN, NINA FISCHMAN,
LAWRENCE KATZ, THE LAW OFFICE
OF LAWRENCE KATZ, P.C., THE LAW
OFFICE OF LAWRENCE KATZ, ESQ.,
PLLC, and CHOSHEN ISRAEL GROUP,
LLC,

                Defendants.
---------------------------------------------------------------x

Civil Case No.2:18-CV-02911
(JFB-GRB))

**DECLARATION OF
STUART S. ZISHOLTZ**

**Stuart S. Zisholtz**, being an attorney-at-law duly licensed to practice law in the State of New York and a member to the firm of Zisholtz & Zisholtz, LLP, attorneys of record for the Plaintiff in the above entitled action declares as follows pursuant to 28 U.S.C. § 1746:

1. I make this declaration in opposition to Defendants' motions for an Order pursuant to FRCP Rule 12(b)(6), FRCP 12(e), FRCP 8(a) FRCP 9 (a)-(d) and FRCP Rule 11.

2. The legal arguments are clearly laid out in the Memorandum of Law in opposition to the Motions filed by the Defendants. They will not be repeated herein in their entirety.

3. Annexed hereto and made a part hereof as Exhibit "A" is a copy of the complaint filed by the New York State Attorney General.

## THE DEFENDANTS ACTIONS ARE EGREGIOUS

4. The Defendants rely upon various emails exchanged between myself and counsel for the Defendants to try and establish their entitlement to a dismissal of this action.

5. The emails were exchanged during settlement discussions between myself and Levi Huebner, Esq., counsel for the Defendants. Clearly, such communications are not admissible.

6. Moreover, at the time the complaint was filed, I was under the mistaken impression that the judgments entered by the Plaintiff were the same damages requested in this action. I subsequently learned that such information is incorrect.

7. The Plaintiff was not only an investor in Cardis and its various entities but also loaned money to Cardis and Aaron Fischman. The loans, for which promissory notes were executed, resulted in Mr. Fischman and the Cardis entities executing confessions of judgments. Those confessions of judgments were filed with the Clerk of the Court and resulted in judgments being entered in the aggregate sum of $3,274,540.78.

8. Separate and apart from the entered judgments is the claim filed herein by the Plaintiff that funds earmarked for Cardis and EPoint were diverted to Nina Fischman and others. The invested money was given to the Defendant, Lawrence Katz and placed into his attorney escrow account for the sole purpose of investing in Cardis and EPoint.

9. The Defendants are fully aware that the loans and the investment money were separate and distinct. Yet, the Defendants are attempting to mislead this Court into believing that the judgments form the basis for this action. Their irresponsible and deceiving actions should not be condoned.

10. The complaint lays out clearly and unequivocally the improper and fraudulent scheme perpetrated by the Defendants.

11. In the event, however, the Court finds that the Complaint does not clearly allege the underlying facts necessary to establish the claims asserted, it is respectfully submitted that the Plaintiff be granted leave to amend the complaint.

**WHEREFORE**, your affiant respectfully prays for an order denying Plaintiff's Motion in all respects.

Stuart S. Zisholtz (7533)

Subscribed this 4th
day of January, 2019