UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHALOM S. MAIDENBAUM,

                *Plaintiff,*

         -against-

AARON FISCHMAN, NINA FISCHMAN,
LAWRENCE KATZ, THE LAW OFFICE
OF LAWRENCE KATZ, P.C., THE LAW
OFFICE OF LAWRENCE KATZ, ESQ.,
PLLC and CHOSHEN ISRAEL GROUP,
LLC,

                *Defendants.*

**Docket: 2:18-cv-02911-JFB-GRB**

## REPLY TO THE OPPOSITION IN FURTHER SUPPORT OF DISMISSAL OR IN THE ALTERNATIVE A MORE DEFINITE STATEMENT

    1.    On October 22, 2018, Defendants, Aaron Fischman ("Aaron"), Nina Fischman ("Nina"), Lawrence Katz ("Katz"), The Law Office Of Lawrence Katz, P.C. ("Katz PC"), and The Law Office Of Lawrence Katz, Esq., PLLC ("Katz PLLC") (collectively as "Defendants"[1]), by their counsel Levi Huebner & Associates PC moved pursuant to FRCP Rule 12(b)(6) to dismiss the complaint for the failure to state a claim or in the alternative for Rule 12(e) for an order directing Plaintiff Shalom S. Maidenbaum ("Maidenbaum" or "Plaintiff") to produce a more definite statement of the complaint pursuant to FRCP Rules 8(a) and (d) as well Rules (9)(a)-(d), and for such other and further relief as the Court deems appropriate as just and reasonable under the circumstances [ECF 20 through 20-3].

---

[1] Choshen Israel Group, LLC ("Choshen") was not served.

2.     Separately and distinctively, on October 25, 2018, off calendar, Defendants served Plaintiff with a FRCP Rule 11(c) notice of its intention to seek sanctions against Plaintiff with its counsel. The motion was made distinctly and separately from the Rule 12(b)(6) motion and served pursuant FRCP Rule 11(c)(2), to afford a Plaintiff a fair opportunity to cure its violations. On January 4, 2019, Plaintiff filed a combined opposition to the pending Rule 12(b)(6) motion with the proposed Rule 11(c) motion.

3.     On January 30, 2019, Defendants filed the Rule 11(c) motion [ECF 26 through 26-3].  On February 15, 2019 Plaintiff filed its opposition [ECF 27 through 27-2] to the Defendants filed the Rule 11(c) motion.

4.     Rule 11(c)(2) requires that "A motion for sanctions must be made separately from any other motion ..." As such this reply is directed only to the opposition in reference to the Rule 12(b) motion. A separate and distinct reply will be filed to Plaintiff's opposition to the Defendants' Rule 11(c) motion.

## PLAINTIFF'S CONTENTION OF MERIT HAS NO MERIT

5.     In determining the viability of a complaint, the Court is tasked with distinguishing alleged facts as true from allegations that are labels and conclusions. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A motion to dismiss should be granted 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Nielsen v AECOM Tech. Corp.*, 762 F3d 214, 218 (2d Cir 2014).

6.      In distilling the complaint for alleged factual matter, guided by Plaintiff's opposition, viewed in the light most favorable to Plaintiff, the complaint does not rise above the speculative level to infer any more than the mere possibility of a hypothetical claim.

7.      The complaint fails define the investments (i.e. amounts, contracts, agreements, arrangements, etc.) allegedly earmarked to Plaintiff as allegedly misused.  Also, the complaint fails to define how the Plaintiff was allegedly induced to keep advancing "millions of dollars" over the "course of several years, beginning at least as far back as 2009, and continuing into 2016" to distinguish the allegation as racketeering as opposed to an unsuccessful business investment.  It is irreducible, as absolutely necessary, that a pleading need to define the factual nature of each investment giving rise to the cause of action; because as far as Defendants are concerned, the four (4) confessions of judgment executed by Aaron settled all the differences between Plaintiff and Defendants as subject to the amounts claimed therein.  While Plaintiff offers the label that the complaint arises from a distinct investment and concludes that the confessions of judgment is not the same as the investments, clearly the Plaintiff has offered nothing material to discern the "investments" as allegedly arising from distinct factual circumstances than the confessions of judgment. As Plaintiff correctly quotes *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) that "fair notice" is defined as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." The circumstances of these investments are extinct from Plaintiff's pleading and opposition, leaving the Court with the undesirable mystery in determining the application of res judicata.

8.      Plaintiff zigzags in its opposition papers, in one place Plaintiff contends that the money sought herein are not in privy of the four confessions of judgment for involving "loans

given to an entity known as Cardis" (ECF 24-2 p. 4), in another place Plaintiff acknowledges that

the judgments resolved all disputed amounts because  "it would have been impossible to enter a

confession of judgment on anything other than a sum certain" (ECF 24 p. 19), in another flip

Plaintiff insists on distinguishing that the four (4) confessions of judgement as two (2) being in

the name of Cardis, Choshen, and Aaron while the other two (2) being just in Aaron's solo name.

Yet, Plaintiff does not bother to explain to the Court what other alleged investments besides

those four loans makes this case actionable, as required pursuant to FRCP Rule 10(b) to state "as

far as practicable to a single set of circumstances," and Plaintiff's failure to offer a distinction

arises from the reality that no distinctions exists.

9.     Particular troubling, Plaintiff contends that "This action was commenced to

address investment monies siphoned away from the investments by Defendants" without

addressing what distinguishable funds constituted the alleged "investments" (ECF 24 p. 19).   In

a twist of plots, Plaintiff asserts, "There are three components to Mr. Maidenbaum's actions to

recover monies owed to him" (ECF 24 p. 17); first, for the loans Aaron "executed four (4)

confessions of judgment" (p. 18); second, Plaintiff "engaged in post-judgment proceedings

seeking records" from Aaron and Katz (ECF p. 18); third, "this action seeks damages for monies

tendered for investments into either Cardis or Epoint that Defendants diverted" (ECF p. 18).

(Meanwhile neither Cardis nor Epoint are named parties). Plaintiff having said all of that fails to

produce any document or agreement to define such investment and leaves Defendants with the

impossible task to unscramble whether this action is just a derivative from the same funding that

produced the confessions of judgment or whether this action seeks to misuse the Federal courts

for having been unsuccessful in its post judgment proceedings in State court.   Nonetheless,

FRCP Rule 9(b) places the burden on Plaintiff "In alleging fraud or mistake, a party must state

with particularity the circumstances constituting fraud or mistake." As far as the complaint goes and the entire record to date, Plaintiff has failed to plead the investment circumstances, the necessary element for standing to claim that funds were allegedly diverted.

10.     Equally lacking is any content to define an attorney-client relationship, or escrow-agent relationship, between Plaintiff with either Katz, Katz PC, and Katz PLLC ("Katz Entities"). Assuming in the light most favorable of Plaintiff, that Cardis "did not have a bank account in the United States and the monies had to be deposited into his attorney, Katz's escrow account" the complaint fails to allege any factual matter as to how a duty was formed with Plaintiff. "The general rule is that there are no presumed fiduciary relations between banks and their customers. The virtually unanimous rule in all jurisdictions is that debtor-creditor relationships 'rarely' give rise to a fiduciary duty. This is due, in large part, to the adversarial nature of the debtor-creditor relations." *Hylton v. J.P. Morgan Chase Bank, N.A*., 338 F. Supp. 3d 263, 283 (S.D.N.Y. 2018). Put it otherwise, the mere fact that a person is in charge of a bank account and issues funds at the request of the account holder does not form a fiduciary relationship with a third-party investor. Plaintiff fails to identify either an alleged escrow agreement, how a duty was allegedly established between Plaintiff and the Katz Entities, or a provision which prohibited the Katz Entities from dispersing funds at the request of the account holder. See *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 207 (S.D.N.Y. 2014) for the requisite elements of an escrow fiduciary relationship.

11.     Having run dry on pleading a cause of action, Plaintiff resorts to a securities claim filed by the Attorney General of the New York State ("NY AG").  Without commenting on the merit or lack of merit about the pending litigation in State court, nothing in that complaint alleges what investment came from Plaintiff, were owed to Plaintiff, or earmarked for Plaintiff.

12.     It should be noted, aside from pinging racketeering under 18 U.S.C. §§ 1961, *et.*

*seq.*, there is no basis for federal jurisdiction (i.e. diversity, or federal question).  For that reason,

Plaintiff chose the racketeering utility to place a foot into the wrong door. Plaintiff acknowledges

that if its claim was for "securities fraud, for which no RICO relief is available" (ECF 24 p. 6)

and in a paradox Plaintiff hedges its entire case on the securities fraud complaint filed with the

NY's AG.  Nonetheless, Plaintiff has not provided the Court with any circumstances to inform

what amount or type of investment by Plaintiff was allegedly racketeered by Defendants.

### THE EMAIL CHAIN HAS NO SETTLEMENT OFFERS OR NEGOTIATIONS

13.     A plain reading of Exhibit A shows that while the attorneys approached the idea

of settlement, noting in the relevant context involves settlement. Notably, a review of the email

communication, fails to contain a demand, offer, rejection, or acceptance.

14.     Rather, the email communication contains discussion trying to comprehend the

basis for Plaintiff's claim.

15.     Mislabeling the Rules of Evidence as "FRCP", Plaintiff misapplies the rule of

barring the inadmissibility of settlement discussions.  Nonetheless, even if trailing Plaintiff's

arguments, "cases have found that evidence of a settlement is admissible when it is used to either

establish or attack the court's jurisdiction." *360Heros, Inc. v. Mainstreet Am. Assurance Co.*, No.

517CV549MADDEP, 2019 WL 355333, at *2 (N.D.N.Y. Jan. 29, 2019) discussing the

exceptions to Rule 408.  A settlement agreement was admissible in determining if the alleged

claims were frivolous and there is no live controversy.  *Fortgang v. Pereiras Architects*

*Ubiquitous LLC*, No. CV163754ADSAYS, 2018 WL 1832184, at *4 (E.D.N.Y. Mar. 9, 2018),

*report and recommendation adopted*, No. 16CV3754ADSAYS, 2018 WL 1505564 (E.D.N.Y.

Mar. 27, 2018).

16.    Plaintiff's new denial of its admission, after admitting that this case constitutes recovery of the same funds which encompassed the confessions of judgment, as outlined above, fails to offer anything but labels and conclusions to distinguish this case from the judgments. It is troubling that Plaintiff's counsel would file the within complaint without stating the genesis for the claim, all while being able to thoroughly articulate the amounts and figures owed under the confessions of judgment.

### A MORE DEFINITE STATEMENT IS THE ALTERNATIVE, ALTHOUGH FUTILE

17.    Plaintiff acknowledges the "lack of specificity in the Complaint" without ever offering any content upon which the lack of specificity can be cured. Plaintiff's opposition also fails to address its lack of specificity required un FRCP Rule 9.  The false claim that Defendants engaged in a "Ponzi Scheme" offers nothing upon which the Court can attach a leg for this case to survive. Plaintiff was offered the opportunity to cure the defects of the complaint, by way of the Rule 12(b)(6) and safe harbor notice of the Rule 11(c) motions, and yet failed to take any steps to cure its lack of specificity with some content that can help resuscitate this case.

18.    Ordinarily, FRCP Rule 12(e) is to strike at unintelligibility rather than want of detail. *In re: Lyondell Chem. Co.*, 543 B.R. 428, 441 (Bankr. S.D.N.Y. 2016).  Here, the complaint is so excessively vague and ambiguous as to be unintelligible in two ways. First, the complaint is so vague to purposefully obfuscate its redundancy of the four (4) judgments, and a more definite statement will clear up whether the complaint is barred by res judicata. The complaint fails to offer in an intelligible way to determine the roles of who is who, what is what, and who did what; such as, is Plaintiff suing on his own behalf or on behalf of others, how are the alleged misappropriation of funds related to Plaintiff, what funds did Defendants allegedly misappropriate. The pleading of such circumstances would expedite the disposition of the case

by either (1) prompt application of res judicata or focusing discovery on the relevant investments and prevent wasteful fishing expeditions, (2) identify whether there is a predicate required to plea racketeering (see *Sonterra Capital Master Fund, Ltd. v. Barclays Bank PLC*, ___ F.Supp.3d ____, No. 15-CV-3538 (VSB), 2018 WL 6725387, at *22 (S.D.N.Y. Dec. 21, 2018) "racketeering activity "encompasses dozens of state and federal offenses, known in RICO parlance as predicates"), and (3) whether there is pattern of racketeering activity to warrant the exercise of federal jurisdiction at a time when there is no independent basis for federal jurisdiction. Seemingly, this a frivolous attempt by Plaintiff to obtain treble damages in the guise of a RICO action, when Plaintiff does not even have a viable securities action in this court or any other court for that matter.

## **<u>CONCLUSION</u>**

Wherefore, Defendants respectfully request that this Court enter an order pursuant to FRCP Rule 12(b)(6) dismissing the Complaint for the failure to state a cause of action or in the alternative pursuant to Rule 12(e) directing Plaintiff to produce a more definite statement of the Complaint pursuant to FRCP Rules 8(a) and (d) as well Rules (9)(a)-(d), and for such other and further relief as the Court deems appropriate, just and reasonable under the circumstances.

Dated: Brooklyn, NY
       February 19, 2019                Respectfully submitted,

                                   Levi Huebner & Associates, PC

                              /s/    Levi Huebner
                              By:   Levi Huebner

                              338 Dean Street, Suite 202
                              Brooklyn, NY 11201
                              Tel: (212) 354-5555

                              *Attorneys for Defendants*