Stuart Zisholtz, Esq.
ZISHOLTZ & ZISHOLTZ, LLP
200 Garden City Plaza, Suite 408
Garden City, New York 11530
Tel: 516-741-2200
Fax: 516-746-1024
stu@zzllp.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
SHALOM S. MAIDENBAUM,

                Plaintiff,

    -against-

AARON FISCHMAN, NINA FISCHMAN, LAWRENCE KATZ, THE LAW OFFICE OF LAWRENCE KATZ, P.C., THE LAW OFFICE OF LAWRENCE KATZ, ESQ., PLLC, and CHOSHEN ISRAEL GROUP, LLC,

                Defendants.
------------------------------------------------------------x

Docket No. 2:18-cv-02911
(NGG-RER)

**DECLARATION**

    Stuart S. Zisholtz, being an attorney at law, duly licensed to practice law in the State of New York, and a member of the firm of Zisholtz & Zisholtz, LLP, the attorneys of record for the plaintiff in the above-entitled action, pursuant to 28 U.S.C. 1746, declares under the penalties of perjury:

    1.    I make this Declaration in support of an application to amend the Complaint pursuant to FRCP 15.

### **FACTS**

    2.    The plaintiff is the holder of judgments against the defendants, Aaron Fischman and Cardis Enterprises International N.V., Cardis Enterprises International (USA) Inc., Cardis Enterprises International B.V. and Choshen Israel Group, LLC in the aggregate sum of

$3,274,540.78. The judgments are a result of unpaid loans.

3. The judgments remain outstanding and no payments have been made.

4. The claims asserted herein by the plaintiff pertain to funds earmarked for Cardis and an entity known as E-Point which were diverted by the defendants to Aaron Fischman, Nina Fischman and others. The invested money was given to the defendant, Lawrence Katz, Esq. and placed into his attorney escrow account for the sole purpose of investing in Cardis and/or Epoint.

5. This action does not seek any relief predicated upon securities fraud. Rather, this action is grounded in a scheme developed by the defendants over the course of years, which involved multiple instances where monies earmarked for Cardis and Epoint were siphoned off by the defendants to fund their lavish lifestyle.

6. Cardis was purportedly in the business of developing and marketing aggregation technologies for low value payment with credit cards and debit cards.

7. Over the course of several years, defendant, Aaron Fischman raised in excess of $70,000,000 into Cardis. Unfortunately, most of the invested funds were diverted.

8. Aaron Fischman explained to his investors that because Cardis was a foreign corporation without a United States bank account, the monies had to be deposited into Lawrence Katz's escrow account.

9. While all of the funds were earmarked by investors for Cardis, Lawrence Katz disbursed the funds as directed by Aaron Fischman. The lion's share of the monies raised did not go to Cardis. Rather, the monies were sent to Aaron Fischman's wife, Nina Fischman; Defendant, Choshen Israel Group LLC, a corporation set up by Aaron Fischman to hide assets and income; and to Aaron Fischman's family.

10. In addition to the Cardis entities, Aaron Fischman raised monies for an entity known as Epoint Payment Corp. Epoint was also a technology-driven company formed by Aaron Fischman and an individual named David Crocket.

11. In each instance, the plaintiff tendered checks to Lawrence Katz for investments in Epoint and Cardis. Plaintiff was shocked to discover that notwithstanding his direction to Lawrence Katz that the deposits were for the purpose of an equity interest in Epoint and Cardis, Lawrence Katz disbursed a considerable sum of the funds to Nina Fischman, Choshen Israel Group, LLC or Aaron Fischman's family.

12. The total amount tendered by the plaintiff for investments in either Cardis or Epoint totaled $2,400,000. More specifically, $850,000 was to be invested in Cardis and $1,550,000 was to be invested in Epoint, of which only $625,000 made it to Epoint accounts. The other $925,000 was diverted by Defendants. Each of the multiple instances of the diversion of monies invested by the plaintiff constituted an instance of wire fraud under 18 USC § 1343.

13. Each of the acts to divert funds was done willfully and with knowledge that they were wrongful and illegal.

14. The plaintiff was damaged as a result of the illegal and improper activity of the defendants.

15. The aforementioned improper and illegal acts of wire fraud were part of a pattern that continued for many years and involved multiple investors procured by Aaron Fischman.

16. The plaintiff is a person within the meaning of 18 U.S.C. Section 1964 (c) and has the right to maintain this private RICO action.

**PLAINTIFF FILED A COMPLAINT ALLEGING FIVE CAUSES OF ACTION**

17. The first three claims for relief were made pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Annexed hereto and made a part hereof as Exhibit

3

"A" is a copy of the Summons and Complaint. (Dkt.1)

18. The RICO claims alleged that the plaintiff was damaged in violation of 18 USC Sections 1961-1968. Additionally, the Complaint alleged an ancillary claim for legal malpractice and another claim for breach of fiduciary duty against defendants, Lawrence Katz, The Law Office of Lawrence Katz, P.C. and the Law Office of Lawrence Katz, Esq., PLLC.

19. After the Complaint was served, the defendants filed a Motion pursuant to Federal Rule of Civil Procedure 12(d)(6) to dismiss the Complaint alleging the Complaint failed to state a cause of action. (Dkt. 19)

20. Alternatively, the defendants sought leave to direct that the plaintiff produce a more definite statement of the Complaint pursuant to FRCP 12(e). (Dkt. 20)

21. Finally, after the Motion was submitted, the defendants served a Motion pursuant to Rule 11. (Dkt. 26)

22. By a directive dated April 19, 2019, this Court directed the plaintiff to inform the Court by April 26, 2019 as to whether the plaintiff would file a Motion for leave to amend the Complaint prior to the resolution of the defendants' motion to dismiss.

23. By an Order dated April 24, 2019, this Court extended the time to May 6, 2019 as to whether the plaintiff would file a motion for leave to amend.

24. On May 9, 2019, a further extension was granted to May 10, 2019.

25. By a letter dated May 10, 2019, the plaintiff advised the Court that it intended to file a Motion to amend the Complaint. (Dkt. 37)

26. By an Order dated May 17, 2019, the Court directed that the plaintiff file a motion to amend on or before June 14, 2019.

27. Annexed hereto and made a part hereof marked as Exhibit "**B**" is a copy of a proposed Amended Complaint.

4

28.     The claims and arguments raised by the defendants in their pre-answer motion to dismiss are moot. All issues addressed by the defendants have been clarified in the proposed Amended Complaint.

29.     Under the circumstances, it is respectfully submitted that all Motions be denied and that this Motion to amend the Complaint be granted.

**WHEREFORE**, your affiant respectfully prays for an Order granting this Motion in all respects.

/s/<br>Stuart S. Zisholtz (7533)

Subscribed to this 14th
day of June, 2019