# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
SHALOM S. MAIDENBAUM,

<table>
<tr><td></td><td>Plaintiff,</td><td></td></tr>
</table>

                                     Plaintiff,        **PROPOSED AMENDED COMPLAINT**

              -against-

                                                  **Case No. 18-cv-02911 (NGG)(RER)**

AARON FISCHMAN, NINA FISCHMAN
LAWRENCE KATZ, THE LAW OFFICE OF
LAWRENCE KATZ, P.C., THE LAW OFFICE
OF LAWRENCE KATZ, ESQ., PLLC and CHOSHEN
ISRAEL, LLC,

                                       Defendants.
----------------------------------------------------------------------x

Plaintiff Shalom S. Maidenbaum ("Mr. Maidenbaum"), by his attorneys Zisholtz &

Zisholtz, LLP, as and for his Amended Complaint against Defendants herein, alleges the

following:

## INTRODUCTION

1.      This civil action is brought pursuant to the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et. seq.*

2.      This action seeks compensatory and treble damages from Defendants for multiple

incidents of wire fraud.  Defendant Aaron Fischman was involved in a raise of capital for a

business entity known as Cardis.  Cardis itself was broken into several entities, Cardis

Enterprises International, N.V., Cardis Enterprises International, B.V., and Cardis Enterprises

International (U.S.A.), Inc. (collectively, "Cardis").

3.      This action is does not seek any relief predicated upon securities fraud.  Rather,

this action is grounded in a scheme developed by the Defendants over the course of years, which

involved many multiple instances wherein monies earmarked for Cardis, and ultimately another entity, were siphoned off by the Defendants to fund their lavish lifestyle.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1964.

5.      Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district and reside in this district.

## PARTIES

6.      At all times hereinafter mentioned and relevant hereto, Plaintiff Shalom S. Maidenbaum was a natural person residing at 50 Bayberry Road, Lawrence, New York 11559, located in the County of Nassau, State of New York.

7.      At all times hereinafter mentioned and relevant hereto, Defendant Aaron Fischman was a natural person residing at 703 Carlyle Street, Woodmere, New York 11598, located in the County of Nassau, State of New York.

8.      At all times hereinafter mentioned and relevant hereto, Defendant Nina Fischman was a natural person residing at 703 Carlyle Street, Woodmere, New York 11598, located in the County of Nassau, State of New York.

9.      At all times hereinafter mentioned and relevant hereto, Defendant Lawrence Katz was a natural person residing at 380 Arbuckle Avenue, Cedarhurst, New York 11516, located in the County of Nassau, State of New York.

10.      At all times hereinafter mentioned and relevant hereto, Defendant Lawrence Katz was a member of the New York bar, having been admitted by the Appellate Division, Second

2

Judicial Department in 1986.

11.     Defendant The Law Office of Lawrence Katz, P.C. ("PC"), was a domestic professional corporation duly organized and existing by virtue of the laws of the State of New York, County of Nassau, which was dissolved by proclamation on January 25, 2012.

12.     Defendant The Law Office of Lawrence Katz, Esq., PLLC ("PLLC"), is a domestic professional limited liability company duly formed on February 29, 2012, and duly organized and existing under the laws of the State of New York, County of Nassau.

13.     Upon information and belief, at all times hereinafter mentioned and relevant hereto, PLLC was in function, if not legally, the successor entity of PC.

14.     At all times hereinafter mentioned and relevant hereto, Defendant Choshen Israel Group, LLC was a domestic limited liability company with offices formerly located at 445 Central Avenue, Cedarhurst, New York 11516, located in the County of Nassau, State of New York.

15.     Upon information and belief, at all times hereinafter mentioned and relevant hereto, Defendant Aaron Fischman wholly owned and controlled Defendant Choshen, operating the same as an alter ego of himself.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16.     Cardis was purportedly in the business of developing and marketing aggregation technologies for low value payments with credit cards and debit cards.

17.     Over the course of several years, Aaron Fischman raised in excess of $70 Million in investments into Cardis, but unfortunately, much of the funds were never given to Cardis, but were diverted by Aaron Fischman, with the assistance of his lawyer, Lawrence Katz and his wife, Nina Fischman.

3

18.     Defendant Aaron Fischman set up another entity known as Choshen Israel Group, LLC ("Choshen"), which he alone controlled.  Choshen was set up as a vehicle for Aaron Fischman to hide assets and income.  It served no other functionality.

19.     Over the course of several years, beginning at least as far back as 2006, and continuing into 2016, Aaron Fischman solicited investments into the Cardis entities totaling over $70 Million.

20.     Aaron Fischman explained to investors that because Cardis was a foreign corporation they did not have a bank account in the United States and the monies had to be deposited into his lawyer's escrow account.  That lawyer was the Defendant Lawrence Katz ("Katz").

21.     While all of the funds were earmarked by investors for Cardis, Katz disbursed them as Aaron Fischman directed.  The lion's share of the monies raised did not in fact go to Cardis.  Rather, they were sent to Aaron Fischman, Choshen, Nina Fischman, the Fischmans' children, or to pay for the Fischmans' lavish lifestyle, which included a vacation home in Sullivan County, New York, and an apartment worth several million dollars in Jerusalem, Israel.

22.     In addition to the Cardis entities, Aaron Fischman also raised money for an entity known as Epoint Payment Corp. ("Epoint").  Epoint was also a technology driven company that Aaron Fischman claimed to have come up with, together with an individual named David Crocket, a Vice President at the FIS Global Business Solutions, a company with a net worth in the several billions of dollars.

23.     Plaintiff, Shalom S. Maidenbaum was one of the investors duped by the scheme concocted by Aaron Fischman, Katz and Nina Fischman.

4

24.     In each instance Mr. Maidenbaum tendered checks to Katz for investment in Epoint. Yet, Mr. Maidenbaum was shocked to find out that notwithstanding his direction to Katz that the deposits were for the purchase of an equity interest in Epoint, Katz disbursed a considerable sum of the funds directly to Aaron Fischman, Nina Fischman, or Choshen.

25.     Over the course of the many years the scheme between the Defendants was going on, Aaron Fischman and Katz funneled millions of dollars into the bank accounts of Nina Fischman, who was not during any of the period, gainfully employed outside the home, and never held any position with Cardis.

26.     Mr. Maidenbaum's payments to Katz for investments, variously in Cardis and Epoint, commenced in the fall of 2006 and continued through September 10, 2015. Mr. Maidenbaum did not learn that his funds did not all find their way to his Epoint investment until May, 2016.

27.     The scheme and enterprise operated by Defendants was for the express purpose of enriching themselves at the expense of investors, without actually sending all of the monies where they were earmarked, and for the added purpose of defrauding the taxing authorities – both Federal and State.

28.     Between in or about 2006 and September 2015 Mr. Maidenbaum tendered dozens of checks to Katz for investment in either Cardis or Epoint, in excess of $2,000,000.00. Many of the checks, or portions of many, were diverted by Aaron Fischman and Katz to Nina Fischman, Choshen or places unknown, other than the intended targets of investment. Upon information and belief only $625,000.00 of the $1,550,000.00 earmarked for Epoint was actually deposited into Epoint's account. None of the $850,000.00 earmarked for Cardis was deposited into Cardis's account.

5

29.     All of the payments by Plaintiff were solicited by Aaron Fischman through use of the wires and with a promise that the funds were going to be used by Cardis or Epoint for legitimate business purposes.  Such promises were knowingly fraudulent.

30.     Each of the multiple instances of the diversion of moneys invested by Mr. Maidenbaum in either Cardis or Epoint, that were diverted by Aaron Fischman, Katz and Nina Fischman constitutes an instance of wire fraud under 18 U.S.C. § 1343.

31.     Each of the acts to divert funds was done willfully and with knowledge that they were wrongful and illegal.

32.     Mr. Maidenbaum was damaged as a result of the illegal and improper activity of Defendants Aaron Fischman, Katz and Nina Fischman.

33.     The aforementioned improper and illegal acts of wire fraud were part of a pattern that continued for many years, and involved multiple investors of procured by Aaron Fischman, who deposited funds with Katz for either Cardis or Epoint.

34.     This pattern of activity lasted over the course of many years, and involved both Plaintiff Mr. Maidenbaum and multiple other investors, duped by Aaron Fischman and Katz to invest in either Cardis or other purported investment vehicles promoted by Aaron Fischman.

35.     Plaintiff Mr. Maidenbaum is a person within the meaning of 18 U.S.C. § 1964(c) and has a right to maintain this private RICO action.

36.     The Defendants' activities in violation of the RICO statute had an impact upon interstate commerce.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(Violation of 18 U.S.C. § 1962(c)

37.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in

paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38.     Defendants PC, PLLC, Choshen and the individual Defendants are an Enterprise within the meaning of 18 U.S.C. § 1961(4) whose activities affect interstate commerce.  The individual Defendants are either employed by, are managers or members of, or exercise control over the financial affairs of Defendant Choshen.

39.     The Defendants operated through a pattern of racketeering activity and were associated together and functioned together for a common unlawful purpose as set forth below and all participated in the management of the racketeering enterprise.

40.     Each individual Defendant is a "person" within the meaning of 18 U.S.C. § 1961(3) and directed and participated in the affairs of the various enterprises within the meaning of 18 U.S.C § 1962(c).

41.     Defendant Aaron Fischman directly and indirectly conducted and participated in conducting the affairs of these Enterprises through a pattern of racketeering activity, and in violation of 18 U.S.C. § 1962(c).

42.     Defendants conspired together to engage in a pattern of racketeering activity on or about September 1, 2006 and thereafter with the intention to defraud Plaintiff by devising a scheme and artifice to procure purported investments in Cardis and Epoint from Plaintiff.  This money was then illegally converted by Defendants for their own personal uses and was never invested in either Cardis or Epoint.  The scheme was carried out by the Defendants through multiple actions and acts from on or about September, 2006 to the present.

43.     The scheme was continued by a series of false representations by Defendants thereby defrauding Plaintiff out of $1,775,000.00.  The alleged false representations were knowingly false when made.

7

44.     This pattern of racketeering activity was carried out by repeated solicitations of Plaintiff by Defendant Aaron Fischman for purported investments in Cardis and Epoint while Defendants converted said purported investments for their own personal uses.

45.     The fraudulent representations constitute wire fraud in violation of 18 U.S.C. § 1343 and other applicable laws and constituted a conspiracy to commit the offenses and mail fraud and wire fraud.

46.     Through the commission of illegal predicate acts, Defendants engaged in a pattern of racketeering activity between September, 2006 and the present, affecting interstate commerce as defined by 18 U.S.C. § 1961(5) and other applicable laws, including but not limited to:

(a)     Fraudulently inducing Plaintiff to invest in Cardis and Epoint by means of fraudulent representations made in this District in writing, on the telephone, and by in-person meetings and conversations; to wit, representations that the money from Plaintiff will be placed in the accounts of Cardis or Epoint to further the business operations of those companies.

(b)     Fraudulently accepting a series of checks written by Plaintiff that were intended to be invested in Cardis in the amount of $850,000.00, that were diverted to personal accounts of Defendants;

(c)     By fraudulently accepting a series of checks written by Plaintiff that were intended to be invested in Epoint in the amount of $1,550,000.00, of which only $625,000.00 was actually invested in Epoint, and of which $925,000.00 was diverted to personal accounts of Defendants.

47.     In furtherance of the above described scheme to defraud Plaintiff, Defendant unlawfully, willfully, and knowingly transported, and caused to be transported assets with the value of $500,000.00 or more, in interstate commerce, knowing the same to have been taken by

fraud.

48.     The numerous and fraudulent acts of Defendants constitute a pattern of racketeering activity affecting interstate commerce within the meaning of 18 U.S.C. § 1961(5) in that said illegal acts have a relationship to each other by reason of having similar objects, methods of commission, common victims, and similar means of transmission.  By reason of the aforementioned racketeering Enterprise activities, all conditions precedent to Plaintiff's right to recover judgment have been satisfied.

49.     Plaintiff has been injured in its business and property by reason of Defendants' violation of 18 U.S.C. § 1962 and this entitles Plaintiff to threefold damages, costs of suit, and reasonable attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(Violation of 18 U.S.C. § 1962(b))

50.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     Defendants' activities as aforesaid, affect both interstate and foreign commerce.

52.     Defendants acquired and maintained interest in and control of the enterprise through a pattern of racketeering activity.

53.     The racketeering activity set forth hereinabove constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

54.     Defendants have directly and indirectly acquired and maintained interests in and control of the enterprise through the pattern of racketeering activity described above, in violation of 18 U.S.C. § 1962(b).

9

55.     As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962(b), Plaintiff has been injured in his business and property, compelling him, *inter alia*, to accumulate debt in order to make up for shortfalls in funds caused by Defendants' actions.

56.     Plaintiff has been injured in its business and property by reason of Defendants' violation of 18 U.S.C. § 1962 and this entitles Plaintiff to threefold damages, costs of suit, and reasonable attorneys' fees.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(Violation of 18 U.S.C. § 1962(d)

57.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58.     As set forth above, Defendants agreed and conspired to violate 18 U.S.C. §§ 1962(a), (b) and (c).

59.     Defendants have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering activity in interstate and foreign commerce, acquire and maintain interests in the enterprise through a pattern of racketeering activity, and conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

60.     Defendants knew that the abovementioned predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above, such conduct constituting a conspiracy to violate 18 U.S.C. §§ 1962(a), (b) and (c), in violation of 18 U.S.C. § 1962(d).

10

61.     Plaintiff has been injured in his business and property as a direct and proximate result of Defendants' conspiracy and overt acts taken in furtherance of that conspiracy, in violation of 18 U.S.C. § 1962(d).

62.     Plaintiff has been injured in its business and property by reason of Defendants' violation of 18 U.S.C. § 1962 and this entitles Plaintiff to threefold damages, costs of suit, and reasonable attorneys' fees.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### AGAINST DEFENDANTS KATZ, PC AND PLLC
(Ancillary Claim – Legal Malpractice)

63.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 62 of this Complaint as though fully set forth herein.

64.     This Court has ancillary or supplementary jurisdiction over the claims against Defendants Katz, PC and PLLC (collectively the "Katz Defendants") under 28 U.S.C. § 1367.

65.     Heretofore and prior to the time complained of herein, Defendant Aaron Fischman, as a client of the Katz Defendants, retained the Katz Defendants to represent him and his various business entities for personal and investment purposes.

66.     Aaron Fischman solicited investors to invest in his business ventures and to deposit the money in the attorney escrow account of the Katz Defendants.

67.     The Katz Defendants, in furtherance of their representation of Aaron Fischman, arranged for the investors to deposit funds into their attorney escrow account for investment purposes.

68.     From on or about September, 2006 to on or about September 10, 2015 Plaintiff deposited sums of money in excess of $2,000,000.00 into the aforesaid attorney escrow accounts for the sole purpose of investing into various business ventures of Aaron Fischman.

69.     The Katz Defendants, jointly and severally, negligently, recklessly and fraudulently, permitted Aaron Fischman to use the Katz Defendants' attorney escrow account in furtherance of his personal goals and financial interests.

70.     The actions of the Katz Defendants, jointly and severally, in utilizing their attorney escrow account to permit Aaron Fischman to obtain his personal goals and financial interests, resulted in the Plaintiff being deceived and victimized by the Katz Defendants as well as Defendants Aaron Fischman and Choshen.

71.     The actions of the Katz Defendants, jointly and severally, resulted in a total disregard of their fiduciary and other legal duties and obligations to the Plaintiff.

72.     The Katz Defendants, jointly and severally, permitted Aaron Fischman to use their attorney escrow account with little or no supervision by the defendants and provided the vehicle by which Aaron Fischman could misappropriate the Plaintiff's funds while at the same time giving a veneer of legitimacy to the various investments and responsibilities to the Plaintiff.

73.     The Katz Defendants, jointly and severally, knew that by utilizing their attorney escrow account by Aaron Fischman, it would mislead the Plaintiff into believing that the investments and financial interests of the plaintiff were legitimate secure and protected.

74.     The Katz Defendants, jointly and severally, failed to exercise reasonable diligence in disbursing funds from their attorney escrow account without proper documentation and other information concerning any of the transactions for which the funds were being provided.

75.     Once the funds were placed into the Katz Defendants' attorney escrow accounts, the Katz Defendants, jointly and severally, owed a duty to the Plaintiff to manage the escrow account and handle Plaintiff's funds with the care, skill and diligence ordinarily possessed and exercised by an ordinary attorney in similar circumstances.

76.     The Katz Defendants, jointly and severally, were negligent and reckless in that they failed to exercise any diligence in ascertaining the facts concerning Aaron Fischman's use of their attorney escrow account to facilitate the alleged investments; that they were negligent and reckless in accepting funds into their escrow account without any documentation or information concerning the transactions for which the funds were being provided; ceding effective control over their attorney escrow account to Aaron Fischman by allowing him to use the account to receive money from the Plaintiff without any oversight by them, jointly and severally; by transferring funds from the Plaintiff to Aaron Fischman, his wife or any affiliated entities or individuals, without the knowledge of the Plaintiff or securing any documentation from the Plaintiff regarding either the transfer or the purported investment transaction for which the funds were transferred and deposited into the Katz Defendants' attorney escrow account; transferring Plaintiff's money without obtaining any authorization or approval from the Plaintiff; failing to provide Plaintiff with notice that they were transferring the funds out of their attorney escrow account; failing to notify Plaintiff of the date the funds were released, the amount released or the party to whom the funds were released.

77.     The Defendants, jointly and severally, owed a duty of care to Plaintiff by virtue of their acceptance of plaintiff's funds into their attorney escrow account.

78.     Plaintiff was an intended beneficiary of the Katz Defendants' undertaking to hold his funds in their attorney escrow account.

79.     By virtue of their acceptance of Plaintiff's funds, the Defendants, jointly and severally, owed a duty to manage the attorney escrow account and handle Plaintiff's funds with the care, skill and diligence ordinarily possessed and exercised by an ordinary attorney in similar

circumstances.

80.     The Katz Defendants, jointly and severally, handled the attorney escrow account and Plaintiff's funds in a grossly negligent manner in that they failed to exercise the ordinary degree of care, skill and diligence commonly exercised by attorneys in connection with the management and the handling of funds in an attorney escrow account.

81.     The Katz Defendants, jointly and severally, negligently disregarded their duty to Plaintiff in connection with the management of and the handling of funds in their attorney escrow account with the reasonable care, skill and diligence of an attorney in a similar situation.

82.     The Katz Defendants acts of negligence included the following conduct among others:

(a)     the Katz Defendants, jointly and severally, failed to exercise reasonable diligence in ascertaining the facts concerning Aaron Fischman's use of the attorney escrow account to facilitate his various alleged investments;

(b)     the Katz Defendants, jointly and severally, negligently accepted funds from the Plaintiff into their attorney escrow account without any documentation or other information concerning the transactions for which the funds were being provided;

(c)     the Katz Defendants jointly and severally, negligently ceded effective control over their attorney escrow account to Aaron Fischman by

14

allowing him to use the account to receive money from Plaintiff without Plaintiff's approval or consent;

      (d)      the Katz Defendants, jointly and severally, negligently transferred Plaintiff's funds from the firm's attorney escrow account to Aaron Fischman, his wife or affiliated entities and others without securing any documentation from the Plaintiff regarding the transfer or securing of any documentation for which the funds were scheduled and deposited into the attorney escrow account;

      (e)      the Katz Defendants, jointly and severally, negligently transferred Plaintiff's funds out of their attorney escrow account without any authorization or approval from the plaintiff;

      (f)      the Katz Defendants, jointly and severally, negligently failed to provide Plaintiff with any notice that they were transferring the funds out of the attorney escrow account;

      (g)      the Katz Defendants jointly and severally, negligently failed to notify the Plaintiff of the date the funds were released, the amount released or the party to whom the funds were released.

83.      Had the Katz Defendants, jointly and severally, exercised their decree of care, skill and diligence required to exercise in carrying out their professional duties, the Plaintiff would not have sustained the losses he sustained and the funds would not have wrongfully been

disbursed out of their attorney escrow account.

84.     As a direct result of the Katz Defendants, negligence and legal malpractice, Plaintiff has been damaged in an amount to be determined by the trier of fact, but in a sum not less than $1,775,000.00.

**AS AND FOR A FIFTH CLAIM FOR RELIEF
AGAINST DEFENDANTS KATZ, PC AND PLLC**
(Ancillary Claim – Breach of Fiduciary Duty)

85.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 84 of this Complaint as though fully set forth herein.

86.     The Katz Defendants, jointly and severally, owed a fiduciary duty to the Plaintiff by virtue of their acceptance of Plaintiff's funds into their attorney escrow account.

87.     The Katz Defendants, jointly and severally, owed a fiduciary duty to the Plaintiff by virtue of their acceptance of Plaintiff's funds into their attorney escrow account.

88.     The Katz Defendants, jointly and severally, owed a Fiduciary duty to the Plaintiff to properly manage the firm's attorney escrow account, and ensure the proper use of Plaintiff's funds.

89.     The Katz Defendants, jointly and severally, owed a fiduciary duty to the Plaintiff to follow and adhere to the instructions provided by the Plaintiff when the funds were deposited into their attorney escrow account.

90.     The Katz Defendants, jointly and severally, completely abdicated their responsibilities as a fiduciary by ceding control of their escrow account to Aaron Fischman to use for his own personal benefit and interests, breaching their fiduciary duty to the Plaintiff.

16

91.     Plaintiff reasonably relied on the Katz Defendants' fiduciary duty to faithfully discharge their duties with respect to the escrow account and Plaintiff's funds.

92.     Had the Katz Defendants, jointly and severally, fulfilled their fiduciary obligations to Plaintiff, Plaintiff would not have sustained the damages he sustained.

93.     By reason of the foregoing, and the breaches of their fiduciary duties, Plaintiff has been damaged in an amount to be determined at the time of trial, but in a sum no less than $1,775,000.00.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff Shalom S. Maidenbaum, respectfully demands judgment against Defendants as follows:

(a)     On the First Claim for Relief, for violation of 18 U.S.C. § 1962(c), in an amount not less than $1,775,000.00 to be determined by the Court at the time of trial as a result of the Defendants' aforesaid racketeering activity and demands judgment therefor, together with treble damages and attorneys' fees;

(b)     On the Second Claim for Relief, as a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962(b), in an amount not less than $1,775,000.00 to be determined by the Court at the time of trial as a result of the Defendants' aforesaid racketeering activity and demands judgment therefor, together with treble damages and attorneys' fees;

17

(c)      On the Third Claim for Relief for violation of 18 U.S.C. § 1962(d), in an amount not less than $1,775,000.00 to be determined by the Court at the time of trial as a result of the Defendants' aforesaid racketeering activity and demands judgment therefor, together with treble damages and attorneys' fees;

(d)      On the Fourth Claim for Relief, against the Katz defendants, for legal malpractice, in an amount of not less than $1,775,000.00;

(e)      On the Fifth Claim for Relief, against the Katz Defendants, for breach of fiduciary duty, in an amount of not less than $1,775,000.00; and

(f)      Such other and further relief as to the Court may seem just, proper and equitable.

Dated:   Garden City, New York
         June 14, 2019

                        **ZISHOLTZ & ZISHOLTZ, LLP**

                        By:_____
                            Stuart S. Zisholtz
                            Attorneys for Plaintiff
                            200 Garden City Plaza, Suite 408
                            Garden City, New York
                            (516) 741-2200