Stuart Zisholtz, Esq.
ZISHOLTZ & ZISHOLTZ, LLP
200 Garden City Plaza, Suite 408
Garden City, New York 11530
Tel: 516-741-2200
Fax: 516-746-1024
stu@zzllp.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
SHALOM S. MAIDENBAUM,

                Plaintiff,

   -against-

AARON FISCHMAN, NINA FISCHMAN, LAWRENCE KATZ, THE LAW OFFICE OF LAWRENCE KATZ, P.C., THE LAW OFFICE OF LAWRENCE KATZ, ESQ., PLLC, and CHOSHEN ISRAEL GROUP, LLC,

                Defendants.
-----------------------------------------------------------x

Docket No. 2:18-cv-02911
(NGG-RER)

## **MEMORANDUM OF LAW**

**ZISHOLTZ & ZISHOLTZ, LLP**
*Attorneys for Plaintiff*
Office and P.O. Address
200 Garden City Plaza, Suite 408
Garden City, New York 11530
516-741-2200

## STATEMENT

This Memorandum of Law is submitted in support of plaintiff's application to amend the Complaint pursuant to FRCP 15.

## FACTS

The facts are clearly illustrated in the plaintiff's Affirmation in support of the Motion to Amend the Complaint. The facts will not be repeated herein unless relevant to this Memorandum of Law.

## ARGUMENT

### THE MOTION TO AMEND SHOULD BE GRANTED

Rule 15 of the Federal Rules of Civil Procedure provides that when a party seeks to amend their pleading beyond the time period allowed for an amendment as a matter of course, that party "may amend its pleading only with the opposing party's written consent or the Court's leave." (FRCP 15)

Thus, absent the opposing party's consent, the rule requires parties seeking to amend their pleadings to obtain the leave of the Court before doing so. The strong presumption under FRCP 15 is in favor of allowing an amendment, stating that "the Court should freely give leave when justice so requires." (FRCP 15)

The Court granted plaintiff until May 10, 2019 to advise the Court whether the plaintiff would file a Motion for Leave to Amend. By a letter dated May 10, 2019, the plaintiff advised the Court that the plaintiff intended to file a motion to amend the complaint. (Dkt. 37)

Although the decision whether to grant the plaintiff's motion to file an amended pleading remains within the Court's discretion, *Zahra v. Town of Southold*, 48 F.3d 674, (2d Circuit 1995), an amendment should not be allowed where there has been bad faith or dilatory motives or where the amendment would be futile, would cause undue delay or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, (2d Circuit 2007); *Burch v. Pioneer Credit Recovery Inc.*, 551 F.3d 122, (2nd Circuit 2008).

The party opposing the amendment bears the burden demonstrating good reason for denial. *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d. 134 (E.D.N.Y. 1998)

Courts may deny motions to amend where the proposed amendment would be futile as a matter of law. The Court applies the same standards as that for a Motion to Dismiss under Rule 12(b)(6) when deciding whether to grant leave to amend. *Konrad v. Epley*, No. 12 CV 4021, 2013 US Dist. Lexis 169091 (E.D.N.Y. November 25, 2013). As such, a proposed amendment is futile if it does not state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 US 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In making this determination, courts accept all facts alleged by the moving party as true and construe any ambiguities in favor of the moving party. *Konrad v. Epley*, supra, *Aetna Casualty & Surety Company v. Aniero Concrete Company* 404 F.3d. 566 (2d. Circuit. 2005).

Here, the plaintiff is not adding any new claims against the defendants. This motion is not submitted in bad faith and does not cause any undue delays. Defendants have not yet answered the complaint, there have been no initial disclosures and discovery has not yet begun.

Nor can defendants claim that the proposed amendment prejudices them in any way. "In determining what constitutes 'prejudice,' we generally consider whether the assertion of the new

2

claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000).

## CONCLUSION

For the reasons set forth herein, the Motion to amend should be granted.

ZISHOLTZ & ZISHOLTZ, LLP

By: /s/ Stuart S. Zisholtz          .
Stuart S. Zisholtz (7533)
*Attorneys for Plaintiff*
Office and P.O. Address
200 Garden City Plaza, Suite 408
Garden City, New York 11530
516-741-2200