Stuart Zisholtz, Esq.
Zisholtz & Zisholtz, LLP
200 Garden City Plaza, Suite 408
Garden City, New York 11530
Tel: 516-741-2200
Fax: 516-746-1024
stu@zzllp.com

Elliot J. Blumenthal, Esq.
Law Offices of Elliot J. Blumenthal, PLLC
483 Chestnut Street
Cedarhurst, New York 11516
Tel: 516-295-0903
Fax: 516-706-3963
elliot@eblumenthallaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
SHALOM S. MAIDENBAUM,

               Plaintiff,

   -against-

AARON FISCHMAN, NINA FISCHMAN, LAWRENCE KATZ, THE LAW OFFICE OF LAWRENCE KATZ, P.C., THE LAW OFFICE OF LAWRENCE KATZ, ESQ., PLLC, and CHOSHEN ISRAEL GROUP, LLC,

               Defendants.
---------------------------------------------------------x

Docket No. 2:18-cv-02911
(NGG-RER)

**<u>REPLY MEMORANDUM OF LAW</u>**

**STATEMENT**

This Reply Memorandum of Law is submitted in further support of Plaintiff's application to amend the Complaint pursuant to FRCP 15.

**FACTS**

The facts are clearly illustrated in the Declaration in support of the Motion to Amend the Complaint that was filed with the original motion papers. The facts will not be repeated herein unless relevant to this Reply Memorandum of Law.

**ARGUMENT**

**DEFENDANTS PROVIDE NO BASIS FOR DENYING THE MOTION**

As explained in Plaintiff's Memorandum of Law in support of its Motion to Amend the Complaint, the party opposing the amendment bears the burden demonstrating good reason for denial. *Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134 (E.D.N.Y. 1998). The Defendants have not demonstrated any good reason for denial. The proposed Amended Complaint alleges all of the necessary elements of the causes of action. The Court should accept all facts alleged by the moving party as true and construe any ambiguities in favor of the moving party. *Aetna Casualty & Surety Co. v. Aniero Concrete Co.*, 404 F,3d 566 (2d Cir. 2005). If it turns out that the facts pleaded are not supported in discovery, Defendants will be able to make a summary judgment motion. At this juncture of the case, the Amended Complaint sufficiently pleads the elements.

The issue to be decided in this motion is permission to amend the Complaint. In their opposition, Defendants are attempting to try the case and do not even address the issues relevant to a motion to amend. Defendants merely attempt to attack the facts that are being plead. That is what discovery is for. The proposed amended pleading sufficiently alleges all of the necessary

elements of a RICO claim. We are not sure what Defendants are trying to say with their purported "word for word comparison" of the original Complaint and the proposed Amended Complaint. The Memorandum in Opposition fails to make any coherent argument based upon those exhibits. In any event, we will address the arguments raised by Defendants in their Memorandum in Opposition.

I.  Plaintiff's claims are actionable under the RICO Act

Plaintiff has been clear that the claims in this case and the fraud perpetuated by Defendants are not claims of securities fraud. That is specifically plead in the proposed Amended Complaint (par. 3) and is again explained in the Declaration of Stuart S. Zisholtz in support of this Motion (par. 5). The proposed Amended Complaint clearly alleges that the funds fraudulently solicited by Defendants for investments in Cardis and Epoint never made their way into those companies and were diverted by Defendants for personal use. The banking records of the Defendants will show the flow of the money. The records of Cardis and Epoint will show that they never received Plaintiff's funds. The claims herein are not securities fraud and therefore are actionable under the RICO Act.

II. Plaintiff pleads the required elements

Defendants argue that the proposed Amended Complaint does not allege misrepresentations that are material to the harm caused to the victim. That is just wrong. Paragraph 46(a) which alleges that Defendants represented that "the money from Plaintiff will be placed in the accounts of Cardis or Epoint to further the business operations of those companies" is just one example of such an allegation. Obviously, that misrepresentation is material to the harm caused to the victim.

2

III. <u>Material Misrepresentations are alleged</u>

As explained above, Defendants misrepresentations that the money solicited would be invested in Cardis and Epoint was material. The transfer of Aaron Fischman's shares of Epoint to Plaintiff in 2016 does not clean the slate. No release was executed with the transfer. First, when Plaintiff made his investments beginning years earlier, he was purchasing shares from the company not from Mr. Fischman. In other words, these were not the shares the Plaintiff was supposed to get. Second, by the time the shares were transferred in 2016, they certainly were not worth the amounts of money Plaintiff had invested. Defendants are free to pursue any defense theories they find support for in discovery, whether relating to liability or damages. The purported transfer of shares does not affect the valid amended pleading.

IV. <u>There is causation of a loss</u>

It is obvious that the alleged misrepresentations caused the loss. Had Defendants not fraudulently solicited investments from Plaintiff, there would not have been any loss. Based upon Defendants' representations, that turned out to be false, Plaintiff invested money thinking he was getting ownership interests in Cardis and Epoint. In fact, he was only funding Defendants' lavish lifestyle. It is very easy for Defendants to argue that that the judgments Plaintiff holds are for the same money being alleged in this case. However, that is not true. Those judgments are for loans made by Plaintiff not for the investments alleged herein. Once discovery is conducted that will be clear.

V. <u>The elements of a RICO claim are alleged</u>

Defendants throw out boilerplate law and then blindly argue that Plaintiff does not allege the necessary elements with particularity. No further analysis is provided. The proposed Amended Complaint does allege facts showing the conduct of an enterprise through a pattern of

3

racketeering activity. Defendants fail to show specifically how the allegations are lacking.

VI. Plaintiff's claims are not barred by *res judicata*

As explained, the judgments are for loans made by Plaintiff, not the for the investments that are the subject of this case. The judgments are not *res judicata*. Nor has there been any release executed by Plaintiff that would foreclose the ability to bring this case. Discovery in this case will show that the money loaned that resulted in the judgments is different than the money that was "invested" that is the subject of this case.

VII. Plaintiff's claim is not time barred

Defendants' questions about the discovery of the fraud can be pursued in discovery. The pleading itself is sufficient. If Defendants are able to establish that that the claim is time barred, they can make a motion at that time. At this point, Defendants' arguments are unsupported and the proposed Amended Complaint's allegations are not time barred and do sufficiently allege claims that are viable.

VIII. Plaintiff is not attempting to bring a derivative claim

Defendants' argument that Plaintiff cannot bring a derivative claim is puzzling. Plaintiff does not purport to do so. The claim is not being brought on behalf of Cardis or Epoint. It is brought by Plaintiff personally. His money was diverted by Defendants. There is no basis to assert that the claims are derivative claims. All of the damages alleged are alleged to have been suffered by Plaintiff personally.

IX. There is no absence of indispensable parties

The entity known as "Choshen Israel Group, LLC" is, upon information and belief, wholly owned by Defendant Aaron Fischman. Aaron Fischman was served, we believe, as the representative of Choshen Israel Group, LLC. If Defendants are taking the position that Choshen

4

Israel Group, LLC was not served, we will endeavor to serve it again with the Amended Complaint. The word "Group" was inadvertently left out of the caption in the proposed Amended Complaint.[1] Plaintiff is not substituting a new party at this time. In any event, Choshen Israel cannot be indispensable party that is missing because it is named as a party. If Defendants are saying that there is another entity named "Choshen Israel LLC" that should be a party, we will make that determination based upon the evidence disclosed in discovery.

Nor are Cardis or Epoint indispensable parties. There is no relief sought against them nor are there any claims by the Plaintiff against those companies. Defendants fail to explain why they are indispensable parties. Presumably, there will be discovery sought from those companies but that does not make them indispensable parties. If Defendants have a third-party claim against them, they can bring them into the case.

## CONCLUSION

For the reasons set forth herein and in the original Motion papers, the Motion to Amend the Complaint should be granted.

        ZISHOLTZ & ZISHOLTZ, LLP

        By:   /s/ Stuart S. Zisholtz
               Stuart S. Zisholtz, Esq.
               200 Garden City Plaza, Suite 408
               Garden City, New York 11501
               516-741-2200

        LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC
               Elliot J. Blumenthal, Esq.
               483 Chestnut Street
               Cedarhurst, New York 11516
               516-295-0903

        *Attorneys for Plaintiff*

---

[1] Note that the entity is called "Choshen Israel Group, LLC" in the body of the proposed Amended Complaint in paragraph 14.