UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHALOM S. MAIDENBAUM,

      Plaintiff,

-against-

AARON FISCHMAN, NINA FISCHMAN, LAWRENCE KATZ, THE LAW OFFICE OF LAWRENCE KATZ, P.C., THE LAW OFFICE OF LAWRENCE KATZ, ESQ., PLLC, and CHOSHEN ISRAEL GROUP, LLC,

      Defendants.

**MEMORANDUM & ORDER**
**18-CV-2911 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Shalom S. Maidenbaum brings this action against Defendants Aaron Fischman; Nina Fischman; Lawrence Katz; The Law Office of Lawrence Katz, PC; The Law Office of Lawrence Katz, Esq., PLLC; and Choshen Israel Group, LLC. (Compl. (Dkt. 1).) Plaintiff's complaint alleges five causes of action. The first three arise under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. §§ 1961-68. (*Id.* ¶¶ 36-55.) The complaint also alleges claims of legal malpractice and breach of fiduciary duty against Lawrence Katz; The Law Office of Lawrence Katz, PC; and The Law Office of Lawrence Katz, Esq., PLLC (collectively, the "Katz Defendants"). (*Id.* ¶¶ 56-86.)

There are currently several motions pending before the court. First, Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a more definite statement under Rule 12(e). (Am. Mot. to Dismiss (Dkt. 20).) Second, Defendants have filed a motion for sanctions under Rule 11 and 28 U.S.C. § 1927. (Mot. for Sanctions (Dkt. 26).) In response, Plaintiff has filed a motion to strike Defendants' motions to dismiss and for sanctions. (Mot. to Strike (Dkt. 21).)

1

Plaintiff has also filed a motion for leave to amend the complaint under Rule 15. (Pl. Mot. to Amend. (Dkt. 41).)

For the following reasons, Defendants' motion to dismiss is GRANTED, Plaintiff's motion to amend is DENIED, Plaintiff's motion to strike is DENIED, and Defendants' motion for sanctions is DENIED.

## I. BACKGROUND

### A. Facts

The court takes the following statement of facts from Plaintiff's complaint, the well-pleaded allegations of which the court generally accepts as true for purposes of the motion to dismiss. *See N.Y. Pet Welfare Ass'n v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017).[1]

Plaintiff alleges that Aaron Fischman was involved in a business entity known as Cardis, which was actually several entities (Cardis Enterprises International, N.V., Cardis Enterprises International, B.V., and Cardis Enterprises International (U.S.A.), Inc. (collectively, "Cardis")). (Compl. ¶ 2.) Plaintiff states that, although "Cardis was purportedly in the business of developing and marketing aggregation technologies for low value payments with credit cards and debit cards" (*id.* ¶ 16), Defendants misappropriated "much" of the over $70 million they raised in investments into Cardis for their own benefit (*id.* ¶¶ 3, 17).

Plaintiff describes the scheme as follows. From no later than 2009 until 2016, Fischman actively solicited investors for Cardis. (*Id.* ¶ 19.) Fischman told these investors that Cardis did not have a U.S. bank account because it was a foreign corporation and, accordingly, invested monies had to be deposited into his attorney's (*i.e.*, Katz's) escrow account. (*Id.* ¶ 20.) Katz then

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

distributed the money at Fischman's direction (and only rarely actually to Cardis). (*Id.* ¶ 21.) Plaintiff alleges that "[t]he lion's share of the monies" were sent to Fischman; Choshen Israel Group, LLC;[2] Fischman's wife (Nina Fischman); Fischmans' children; or "to pay for the Fischman[s'] lavish lifestyle, which included a vacation home in Sullivan County, New York, and an apartment in Jerusalem." (*Id.* ¶ 21.) Plaintiff further states that Fischman simultaneously raised money for another entity, Epoint Payment Corp. ("Epoint"). (*Id.* ¶ 22.)

Plaintiff was "an investor duped by the scheme," and tendered approximately 20 checks to Katz for investments in Cardis and Epoint between 2009-2015. (*Id.* ¶¶ 23-26.) He claims that he paid over $3,000,000 in total, and that these funds were, in several instances, diverted away from the intended targets of investment. (*Id.* ¶ 28.) He further alleges that each of the "multiple instances of the diversion of mon[ies] invested by Plaintiff . . . constitutes an instance of wire fraud under 18 U.S.C. § 1343." (*Id.* ¶ 29.) These acts were, according to Plaintiff, part of a pattern of criminal activity that lasted over the course of many years.

### B. Procedural History

Plaintiff filed his complaint on May 16, 2018. (Compl.) The case was initially assigned to Judge Joseph E. Bianco and Magistrate Judge Gary R. Brown. On August 27, 2018, Defendants requested a pre-motion conference in anticipation of moving for a more definite statement under Rule 12(e). (PMC Appl. (Dkt. 16).) Judge Bianco granted Defendants leave to file the motion and set a briefing schedule. (Sept. 12, 2018 Min. Entry.) On October 19, 2018 Defendants moved to dismiss under Rule

---

[2] According to Plaintiff, Fischman formed Choshen Israel Group, LLC, "which he alone controlled . . . as a vehicle for [him] to hide his assets and income." (*Id.* ¶ 18.)

3

12(b)(6), or, in the alternative, for a more definite statement under Rule 12(e). (Mot. to Dismiss.) They amended their motions on October 22, 2018. (Am. Mot. to Dismiss (Dkt. 20).)[3] Defendants also moved for sanctions under Rule 11 and 28 U.S.C. § 1927 on January 30, 2019. (Mot. for Sanctions.) Plaintiff responded to both motions. (Mot. in Opp. to Defs. Mots. ("Opp.") (Dkt. 24).) Defendants replied regarding the motion to dismiss on February 19, 2019 (Reply in Supp. of Am. Mot. to Dismiss ("Dismissal Reply") (Dkt. 28)), and regarding the motion for sanctions on March 1, 2019 (Reply in Supp. of Mot. for Sanctions ("Sanctions Reply") (Dkt. 30)).

Oral argument was scheduled before Judge Bianco on March 18, 2019 (Feb. 22, 2019 Order), but the case was reassigned to the undersigned on March 8, 2019 (Mar. 8, 2019 Case Reassignment Notice). On June 14, 2019, Plaintiff moved to amend the complaint. (*See* Mot. to Amend.)

## II. MOTION TO DISMISS

### A. Legal Standard

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[3] On October 30, 2018, Plaintiff filed a motion to strike the motion to dismiss, arguing that the motion should not be allowed because Judge Bianco had only granted Defendants leave to file a motion under Rule 12(e), not a motion under Rule 12(b)(6). (Mot. to Strike Am. Mot. to Dismiss (Dkt. 21).) That motion is denied.

suffice." *Id.* When considering a motion to dismiss for failure to state a claim, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Comms., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Further, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b). Rule 9(b) generally requires the plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *U.S. ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Resp., Inc.*, 865 F.3d 71, 81 (2d Cir. 2017). "[T]he adequacy of particularized allegations under Rule 9(b) is case- and context-specific." *Id.*

### B. Discussion

#### 1. RICO

In his complaint, Plaintiff raises three RICO claims under 18 U.S.C. §§ 1962(b), (c), and (d), respectively. (Compl. ¶¶ 36-55.) As relevant here, RICO provides:

> (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

5

> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962. 18 USC § 1964 creates a private cause of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." To bring a civil RICO claim under § 1964, a plaintiff "must allege that the defendant engaged in at least two predicate acts of racketeering activity, where racketeering activity is defined to include a host of state and federal offenses." *In re Platinum-Beechwood Litig.*, Nos. 18-CV-6658 (JSR), 18-CV-10936 (JSR), 2019 WL 1570808, at *9 (S.D.N.Y. Apr. 11, 2019) (citing 18 U.S.C. §§ 1961(1), (5)).

Here, Plaintiff's RICO claims are premised entirely on alleged acts of wire fraud. Allegations of mail and wire fraud fall within the scope of Rule 9(b) and thus must "state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 185 (2d Cir. 2008) (quoting *Mills v. Polar Molecule Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993) (alterations omitted)). Such a complaint must therefore "plead facts that give rise to a strong inference that the defendant possessed fraudulent intent." *Mills*, 12 F.3d at 1176.

Plaintiff has failed to plead these claims with the particularity required by Rule 9(b). The complaint's only allegation describing an allegedly false representation is that "Aaron Fischman explained to investors that because Cardis was a foreign corporation they did not have a bank account in the United States and the monies had to be deposited into his attorney, Katz's escrow account." (Compl. ¶ 20.) Although other allegations could be jointly construed as implying that Fischman made fraudulent statements (*e.g.*, the allegation that "Aaron Fischman solicited investors to invest in Cardis" (*id.* ¶ 19) paired with the allegation that "[t]he lion's share of the monies raised and deposited with

Katz did not go to Cardis" (*id.* ¶ 21)), nowhere does the complaint allege specific statements, much less "state where and when the statements were made." *Chorches*, 865 F.3d at 81; *see also Brookhaven Town Conservative Committee v. Walsh*, 258 F. Supp. 3d 277, 286 (E.D.N.Y. 2017). For this reason, the court grants Defendants' amended motion to dismiss.

  2. State Law Claims

Having determined that Plaintiff's federal claim should be dismissed, the court sees no reason to retain jurisdiction over Plaintiff's remaining state law claims at this early stage of the litigation. The court therefore declines to exercise supplemental jurisdiction over Plaintiff's remaining claims and dismisses those claims. *See* 28 U.S.C. § 1267(c)(3); *see also In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (per curiam) ("[W]hen the federal claims are dismissed the state claims should be dismissed as well.").

## III. MOTION TO AMEND

### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Nonetheless, a motion to amend should be denied if there is an "apparent or declared reason—such as . . . futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant or deny leave to amend is within the court's discretion. *H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 112 F.R.D. 417, 419 (S.D.N.Y. 1986).

"[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp.*, PLC, 783 F.3d 383, 389 (2d Cir. 2015)). "The proposed Amended Complaint may therefore be scrutinized as if defendant's objections to the amendments constituted a motion

to dismiss under Fed. R. Civ. P. 12(b)(6)." *Gopysingh v. Santiago*, No. 00-CV-2951 (JSM), 2001 WL 1658280, at *1 (S.D.N.Y. Dec. 26, 2001). In considering the proposed complaint, the court is conscious that "an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

### B. Application

Nothing in Plaintiff's Proposed Amended Complaint ("PAC") (Dkt. 41-3) cures the underlying defects of the original complaint, making amendment futile. For example, the PAC alleges that Defendants "fraudulently induc[ed] Plaintiff to invest in Cardis and Epoint by means of fraudulent representations," "fraudulently accept[ed] a series of checks written by Plaintiff that were intended to be invested in Cardis . . . that were diverted to personal accounts of the Defendants," and "fraudulently accept[ed] a series of checks written by Plaintiff that were intended to be invested in Epoint . . . [a portion of which] was diverted to personal accounts of Defendants." (*See* PAC ¶¶ 46(a)-(c).) These additions, however, do not bring Plaintiff any closer to satisfying Rule 9(b)'s requirement that Plaintiff "specify the statements [he] claims were false or misleading, give particulars as to the respect in which [he] contend[s] the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999).

Indeed, the PAC provides makes no allegation of any specific false or misleading statement, much less the date and speaker of such statements. The extent of detail provided is that "as far back as 2006, and continuing into 2016, Aaron Fischman solicited investments into the Cardis entities" and that "[a]ll of the payments by Plaintiff were solicited by Aaron Fischman through use of the wires and with a promise that the funds were going to be used by Cardis or Epoint for legitimate business purposes." (PAC ¶ 19.)

These vague and conclusory allegations stand in stark contrast to the allegations in cases in which courts have found that plaintiffs have adequately pleaded civil RICO claims predicated on mail and wire fraud. *See, e.g., Moore*, 189 F.3d at 173 (plaintiff met 9(b)'s pleading requirements when complaint, *inter alia*, "contain[ed] a chart listing twelve different mailings said to contain fraudulent representations, along with the dates of these mailings and cross-references to the paragraphs of the complaint in which the mailings are further discussed"); *Allstate Ins. Co. v. Lyons*, 843 F. Supp. 3d 358, 373 (E.D.N.Y. 2012) (complaint satisfied Rule 9(b) where it, *inter alia*, contained "a series of charts that include each of the charges submitted by the defendants that [Allstate] believes were fraudulent . . . [that] details the entity that submitted each claim, as well as the corresponding claim number, the year Allstate paid the claim, and the amount paid by Allstate."). Accordingly, the court denies Plaintiff's motion to amend.

### IV. MOTION FOR SANCTIONS

Defendants also move for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. (Mot. for Sanctions.) A pleading violates Rule 11 "when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002). Defendants' motion lacks merit. The majority of Defendants' motion merely repeats arguments made in its motion to dismiss that Plaintiff's complaint lacks the requisite particularity to state a claim. Such arguments do no implicate Rule 11.

Defendants also argue that Plaintiff should be sanctioned because Plaintiff is seeking to recover on claims that were already resolved in a state court action. (*See Id.* ¶ 1 ("Plaintiff and his counsel knows full well that they have no valid RICO action

against Defendants and they know full well that the totality of the damages of Plaintiff are at best encompassed in the Judgments in the Nassau County Actions and have nothing to do with RICO or fraud of any sort.").) In response, Plaintiff provides good faith reasons for why "none of the monies in this action are related to the judgments entered in the New York State Supreme Court." (Opp. at 18.). As such, this argument for sanctions also fails. Furthermore, Defendants' request for sanctions under 28 U.S.C. § 1927 fails for the same reason, as Defendants have not demonstrated that Plaintiff acted in bad faith. *See Star Mark Mgmt, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 178 (2d Cir. 2012).

Finally, Defendants raise new arguments for sanctions in its reply. (Sanctions Reply ¶ 14.) However, Plaintiff has not yet had the opportunity to respond to these allegations, and the court will not consider arguments raised for the first time on reply. *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."). Accordingly, Defendants' motion for sanctions is denied.

## V. CONCLUSION

For the foregoing reasons, Defendants' amended motion to dismiss (Dkt. 20) is GRANTED, Plaintiff's motion to amend (Dkt. 41) is DENIED, Plaintiff's motion to strike (Dkt. 21) is DENIED, and Defendants' motion for sanctions (Dkt. 26) is DENIED. The Clerk of the Court is respectfully DIRECTED to close the case.

SO ORDERED.

Dated:    Brooklyn, New York
           March 25, 2020

                                            /s/ Nicholas G. Garaufis
                                            NICHOLAS G. GARAUFIS
                                            United States District Judge